UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DWIGHT CHARLES NOKES,

Petitioner,

v.

TERRY CARLSON, Warden,

Respondent.

Civil File No. 02-788 (JRT/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2000, Petitioner was convicted of third degree criminal sexual conduct under Minn.Stat. § 609.344, subd. 1(d). He received a 48-month sentence at the time of his conviction, but he was placed on probation instead of being sent to prison. Later, however, Petitioner violated the conditions of his probation by failing to complete a court-ordered sex offender treatment. The trial court therefore revoked Petitioner's probation and sent him to prison. Petitioner is currently serving his 48-month prison term at the Minnesota

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED ________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Correctional Facility in Moose Lake, Minnesota.

After his probation was revoked, Petitioner filed an appeal with the Minnesota Court of Appeals, claiming that the trial court abused its discretion by revoking his probation and sending him to prison. The Court of Appeals rejected that argument, and the Minnesota Supreme Court later denied Petitioner's request for further review. State v. Nokes, No. C1-01-829 (Minn.App. 2001), 2001 WL 1085151 (unpublished opinion), rev. denied, (November 13, 2001). Petitioner has not challenged his conviction or sentence in any other state court proceeding. (Petition, [Docket No. 1], p. (3), § 10.)

On April 15, 2002, Petitioner filed his current federal habeas corpus petition, which lists three grounds for relief:

(1) that the trial court's revocation of his probation status was an abuse of discretion;

(2) that he received ineffective assistance of counsel during the original trial court proceedings; and

(3) that he was denied due process, because "his plea of guilt was unlawfully induced." (Petition, pp. (5) - (6), ¶ 12.)

None of Petitioner's three habeas claims can be entertained at this time, however, because two of those claims have never been fairly presented to the Minnesota state courts. It will therefore be recommended that the instant petition be dismissed due to non-exhaustion of state court remedies.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838,

842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

A federal habeas claim is not deemed to be exhausted unless the constitutional dimension of the claim has been fairly presented to the state courts. As the Supreme Court pointed out in Duncan, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." 513 U.S. at 365-66. In other words, if a state prisoner claims "that his incarceration violates federal law, 'he must say so, not only in federal court, but in state court.'" Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996), quoting Duncan, supra.

In this case, it is readily apparent that grounds two and three of Petitioner's current petition have not been fairly presented to, or addressed by, any Minnesota state court. Indeed, Petitioner expressly acknowledges that those two claims never have been raised in any state court proceeding. (Petition, p. (6), ¶ 13.) Because Petitioner did not fairly present all of his current constitutional claims to the state courts, he has not satisfied the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that might still be available for one or both of Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. The Court recognizes that Petitioner may be procedurally barred under state law from raising his current claims in a state post-conviction motion, if the state courts determine that such claims could have been previously raised on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, (rather than the federal district court), decide which of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims are barred by the state's procedural rules.[2]

[2] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural

Again, Petitioner's current application for habeas corpus relief cannot be entertained in federal court because it is a "mixed petition" -- i.e., it includes both exhausted and unexhausted claims. It will therefore be recommended that the present action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. It will be further recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[3] Petitioner may return to federal court -- if necessary -- after the state courts, (including the Minnesota Supreme Court), have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court. See Williams v. Goose, 77 F.3d 259, 262 (8th Cir. 1996).[4]

---

requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[3] If Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court). See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

[4] The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999). For the instant Petitioner, however, that is not a viable option. If Petitioner were to abandon his two unexhausted claims, (i.e., his ineffective assistance of counsel claim and his due process claim), and proceed only on the one claim that he has presented to the Minnesota state courts, (i.e., his "abuse of discretion" claim), his petition still would be summarily dismissed because it would not raise any federal constitutional claim. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state-court

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

Petitioner's petition for a writ of habeas corpus be summarily **DISMISSED WITHOUT PREJUDICE**.

DATED: ~~April~~ May 9, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

determinations on state-law questions[;] [i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Whether the trial court followed Minnesota state sentencing requirements when it revoked Petitioner's probation is purely a state law issue. Petitioner's unexplained reference to "due process" and his citation to Gagnon v. Scarpelli, 411 U.S. 778 (1973), do not change the essential character of his claim. He received a hearing before his probation was revoked, and he has not identified any procedural deficiencies in that proceeding, so his abuse of discretion claim cannot be construed as a due process claim. Thus, if Petitioner were to abandon his two unexhausted constitutional claims, he would be left with only a state law claim that would be subject to summary dismissal.