**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

DWIGHT CHARLES NOKES,

Petitioner,

v.

TERRY CARLSON, Warden,

Respondent.

Civil No. 02-788 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Petitioner Dwight Nokes ("Nokes") seeks habeas corpus relief under 28 U.S.C. § 2254. This matter is now before the Court on Nokes's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated May 9, 2002. The Court has conducted a *de novo* review of the petitioner's objection pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and dismisses the petition.

**BACKGROUND**

Nokes was convicted of third degree criminal sexual conduct under Minnesota law. Nokes initially pleaded not guilty, but later entered an *Alford* plea before the Minnesota trial court. Judgment was entered on his state conviction on July 17, 2000.

FILED JUL - 2 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JUL - 3 2003
DEPUTY CLERK

Nokes was sentenced to 48 months of probation. On February 12, 2001, the Minnesota trial court found that Nokes had violated the conditions of his probation. The court revoked probation and ordered him to complete his sentence in prison.

Nokes appealed the revocation to the Minnesota Court of Appeals, arguing that the trial court abused its discretion by revoking his probation. On September 18, 2001, the court of appeals rejected Nokes's argument. *See State v. Nokes*, No. C1-01-829, 2001 WL 1085151 (Minn. Ct. App. Sept. 18, 2001). Nokes sought further review from the Minnesota Supreme Court, but this was denied on November 13, 2001. Nokes has not challenged his conviction or sentence in any other state court proceeding.

On April 15, 2002, petitioner filed the present petition for habeas corpus relief. The petition lists three grounds for relief. The first ground reiterates his contention that the state trial court abused its discretion by revoking his probation. The second ground alleges that he received ineffective assistance of counsel, and the third ground contends that his *Alford* plea was involuntary. (*See* Petition at 5-6.) The first ground of Nokes's petition was fully presented to the Minnesota state courts and is therefore exhausted as required under 28 U.S.C. § 2254 (b)(1). Nokes's petition concedes that the other two grounds have not been presented to any state court. (*See id.* at 6.) The Magistrate Judge found that because Nokes's petition is "mixed," it must be dismissed. Nokes now objects to that recommendation.

## ANALYSIS

The precise nature of Nokes's objections is hard to discern. His objections generally reveal that he is confused about the reasons for the Magistrate Judge's ruling, and that he is unsure how to proceed. In a subsequent letter to the Magistrate Judge received May 28, 2002, Nokes contends that he has exhausted all his state remedies. Nokes includes a letter from the State public defender stating that Nokes's remedies were indeed exhausted. This letter, however, refers to the case that Nokes brought to the Minnesota Court of Appeals. That case dealt only with the revocation of Nokes's probation, which is the first ground of his habeas petition. Nokes's petition raises two other issues, neither of which was addressed in his appeal. Therefore, those two grounds of Nokes's petition are not exhausted, and his petition remains "mixed."

A fundamental element of § 2254 litigation is the exhaustion requirement, under which state prisoners must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See* 28 U.S.C. §2254(b)(1). The United States Supreme Court has held that this requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, all of the claims in Nokes's § 2254 petition must have been at least presented to the highest available state court before he may seek federal relief. *Id.*; *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

The United States Supreme Court has dictated that district courts must dismiss any mixed petitions that, like Nokes's, contain exhausted and non-exhausted claims. *Rose*, 455 U.S. at 510. In such cases, district courts may give petitioners the choice of returning to state court to exhaust all claims, or amending their petitions to include only exhausted claims. *Id.* As the Magistrate Judge correctly noted, however, the second of these options is unavailable here, because Nokes's one unexhausted ground does not present a federal constitutional claim and therefore is not suitable for habeas review. (R&R at 5 n.4.) *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Therefore, this Court's only option under the Supreme Court's decision in *Rose v. Lundy* is to dismiss Nokes's petition.

Typically, the Court would dismiss a petition such as Nokes's without prejudice, which would allow him to exhaust his claims in state court and then, if necessary, return to federal court to seek habeas relief on his fully exhausted claims. Unfortunately for Nokes, there is a further obstacle to his petition for habeas corpus relief – the statute of limitations imposed by the "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"). That law imposes a one-year statute of limitations upon habeas corpus petitions by state prisoners. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, the AEDPA statute of limitations began to run on the date judgment was entered in Nokes's state case, July 17, 2000. Nokes did not file his § 2254 petition until April 15, 2002, more than one year after this date.[1] This was also more than one year after the trial court revoked Nokes's probation. Therefore, even if Nokes returned to state court and exhausted his remedies, AEDPA bars him from bringing his habeas claims back to this Court. Therefore, because none of Nokes's habeas claims can be heard by this Court now or in the future, the Court has no choice but to dismiss his § 2254 petition with prejudice.

The Court notes that although Nokes's unexhausted claims may not be heard in federal court, he may still be able to seek relief in state court by filing a motion for post conviction relief pursuant to Minn. Stat. § 590.01.

---

[1] The record does not indicate when Nokes appealed his one exhausted claim. Because the Magistrate Judge concluded that the claim was properly exhausted, the Court will presume that the appeal was filed within the one-year limitations period. This appeal would have been a "properly filed application for State . . . collateral review," and would therefore have tolled the statute of limitations on that claim. 28 U.S.C. § 22233(d)(2). *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 6] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 4]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's State Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 2, 2003
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge